## S. W. CAROTHERS ET AL. *v*. LEIGH BROS.

BONDS IN JUDICIAL PROCEEDINGS. *Unauthorized obligation.*

Under Code 1880, sect. 2305, defective bonds in judicial proceedings are valid if the law requires them; but a bond by a defendant in execution to have the proceeds of the property levied on forthcoming to abide the judgment, is not recognized by any law, although a claimant's issue is made by another person; and . if, in such issue, the plaintiff in execution recovers, the court should treat the money as still in the sheriff's hands, and render judgment accordingly.

APPEAL from the Circuit Court of Lowndes County.

Hon. J. M. ARNOLD, Judge.

Under an execution in favor of the appellees, the sheriff seized property of S. W. Carothers, the defendant in execution, including some which he held under a small attachment, and sold it, when this defendant gave him a bond to have the money forthcoming to abide the judgment, and the sheriff gave Carothers the money. Afterwards another person interposed a claimant's issue, which was tried and decided in favor of the plaintiffs in execution, and judgment rendered on the bond given by S. W. Carothers, who, with his sureties, appeals.

*Fred Beall*, for the appellants.

On a verdict against the claimant, a judgment cannot be rendered against the defendant. Code 1880, sects. 1774, 1778. His sureties also may reasonably complain of this curious outcome from their contract. Whether the bond is void, is immaterial now, for the judgment is against a person and his sureties, who were not the parties to the trial and verdict.

*Frank Johnston*, for the appellees.

The bond is defective, but under Code 1880, sects. 422, 1731, and 2305, the court had power to compel the restoration of the money over which it still had jurisdiction. These statutes are very broad, their object is to cover all cases like this one, and it would be remarkable, if they were not broad

enough.   It would have been a fiction for the court to have proceeded upon the idea that the sheriff continued to hold the money.   This judgment should be affirmed.

COOPER, J., delivered the opinion of the court.

The sheriff had no warrant in law for delivering the proceeds of the property levied on to the defendant in execution upon his entering into bond to have the money forthcoming to abide the judgment of the Circuit Court.   As between the plaintiffs in execution and the defendants a final judgment had been rendered, and it was not at all affected by the interposition of a claim by third persons to the property levied on. There was no issue between the plaintiff and the defendant for trial, no pending suit in which judgment could be rendered. By the execution of the bond the sureties of the defendant did not become parties to any proceeding pending in the court, and the mere filing of the bond by the sheriff, in the papers pertaining to the claimant's issue, did not confer any jurisdiction on the court.   The judgment against them was therefore *coram non judice.*   Sect. 2305 of the Code of 1880 makes valid bonds informally executed in those cases where bonds are required by law, but does not authorize judgments to be rendered upon bonds which no statute requires or authorizes to be given.   The sheriff unlawfully parted with the possession of the fund in his hands, and it ought to be treated as still in his possession.   Upon the verdict on the claimant's issue for the plaintiffs in execution, the court ought to have rendered a judgment in their favor, and, treating the money as still in the hands of the sheriff, to have directed it to be paid over by him to them.

The judgment will be reversed and the case remanded with instructions to the court below to enter on the verdict a judgment in favor of the plaintiffs in execution for so much of the money as is not first appropriable to the claim of the plaintiff in the attachment proceedings in which the property was first levied on.