WINIFRED B. PERKINS *v.* HENRY N. WATSON ET AL.

[46 South., 80.]

1. APPEALS. *Liability on bond. Rents.*

The obligors on a supersedeas appeal bond, executed by a defendant taking a premature appeal from an interlocutory decree of the chancery court, are liable to a complainant who loses the rents of the land in suit because of the appeal.

2. SAME. *Proceedings. Amendments.*

Where in such case the supreme court dismissed the premature appeal and referred the matter of the liability on the appeal bond to the chancery court for determination, that court should have allowed complainant's application to file a supplemental bill setting up the facts touching the appeal by which defendant was enabled to remain in possession and enjoy rents.

FROM the chancery court of Lowndes county.

HON. JAMES F. McCOOL, Chancellor.

Mrs. Perkins, appellant, was complainant in the court below; Watson and others, appellees, were defendants there. The case has twice before been in the supreme court, first, on a premature appeal by defendants which was dismissed without a written opinion and, second, on an appeal by defendants from a final decree in complainants favor, and the case on the second appeal is reported, *Watson* v. *Perkins,* 88 Miss., 64, s. c., 40 South., 643. The present appeal by complainant is from a decree rendered in supplemental proceedings had in the cause touching an accounting between the parties. The facts are fully stated in the opinion of the court.

*L. Brame,* for appellant.

It was erroneous not to permit the amended and supplemental bill filed, wherein it was alleged and shown that after the decree of May 3, 1904, was rendered and complainant was de-

clared to be the real owner of the land in controversy -and en-
titled to immediate possession thereof, the New England Mort-
gage Security Company and H. N. Watson jointly prayed an
appeal to this court and obtained a supersedeas and gave a joint
appeal and supersedeas bond, under and by which the defendant
Watson who was in possession of the plantation, was wrong-
fully permitted to remain in possession and receive the rents
for the year 1904.   The amended and supplemental bill which
was presented to-the chancellor and rejected and not permitted
to be filed, also set forth that the rent for 1904 was jointly re-
ceived by the New England Mortgage & Security Company and
Watson.   This being true, in the accounting Mrs. Perkins, the
owner of the place, who was entitled to the immediate posses-
sion as soon as the decree was rendered, was by the joint act
of Watson and the New England Mortgage Company, deprived
of the rent of 1904 when she was clearly entitled to the same.
For this reason, in the accounting, the mortgage company
should have been charged with this rent.

The amended and supplemental bill which the court rejected,
also sought to make the American Surety Company, surety on
the appeal bond given by the mortgage company and Watson,
a party defendant, with a view of holding it liable for the rent
of 1904.   Although the appeal was dismissed because prema-
turely obtained, the supersedeas bond having been actually given
by Watson and the mortgage company, he thereby remained in
possession of the property.   Under Code of 1892, § 946, this
bond was good, regardless of any irregularity.   The section of
the code referred to is broad and sweeping in its terms and
being remedial should be liberally construed for the purpose of
carrying out the intent thereof.

*Thomas J. O'Neill,* for appellees.

Complaint is made of the court's action in refusing to al-
low complainant to file at the time of the accounting an
amended and supplemental bill making the American Surety

Company a party defendant. The action of the court below was proper and commendable. This case had for many years been dragging through the chancery court and as the record will show, delayed and continued by the action of appellant, and interspersed in its stages, with motions and amendments. It had twice been to the supreme court, the appeal bond having been made, with the American Surety Company as surety, and the report of the commissioner on file showed that appellant was largely indebted to appellee, the mortgage company, and hence no good purpose could be served by opening up again a cause that had been laboriously and tediously tried and determined in both the court below and this court.

Besides, this court in an opinion and mandate had directed what should be done in this case in the court below, and there was no suggestion by the court or either of the parties, that all necessary and proper parties were not before the court. The court in the decree complained of followed the injunctions of this court and declined to further protract a vexatious litigation.

Argued orally by *L. Brame,* for appellant.

Calhoon, J., delivered the opinion of the court.

The first appearance of this litigation in this court was in 1904. The record then presented the proceedings on a bill in chancery exhibited by Mrs. Winifred B. Perkins against H. N. Watson, the Union Mortgage Banking & Trust Company, Limited, and others. This matter proceeded to an interlocutory decree in the court below, and the scope of the bill embraced a prayer to set aside a sale made by the trustee in the original trust deed, and for an account of rents and profits and the ascertainment of what was due on the trust debt. The interlocutory decree set aside the trustee's sale, and directed an account to be taken of the rents and profits and of the amount due on the secured debt, etc. After the entry of this interlocutory decree, Mrs. Perkins by leave of the court amended her bill, by which amendment she made one Dickerson, who was a tenant for the

year 1904, a party defendant, and sought by her amendment to subject the crop of 1904 to the rent for that year and for its application and payment on the mortgage debt. From this interlocutory decree, and without having previously obtained leave of the court to appeal to settle the principles of the case or otherwise, the defendants in the court below formally took an appeal to this court and gave bond for that appeal in the sum of $1,200 with the American Surety Company as their surety on that appeal bond, and this appeal was taken with supersedeas, which had the effect to keep Mrs. Perkins out of possession of the property and defeat her enjoyment of the rent during the year 1904. This appeal was dismissed by this court, because taken prematurely, and without leave, and before final decree in the court below. On the return of the cause to the court below, after proceedings which we need not recount, a final decree was rendered, which was appealed from, on which appeal this court affirmed the ruling below, that the sale was invalid and that Mrs. Perkins was entitled to an account, but held that the original creditor was not liable for the rent during the whole time that Watson, its vendee, was in possession, but that it was liable only for the actual money it had received from Watson as a credit on the debt, and the cause was remanded for proceedings in accordance with the opinion. Then, while the cause was still in this court, Mrs. Perkins entered her motion to amend the judgment of this court of affirmance, so as to decree that Mrs. Perkins be forthwith restored to the possession of the property, and so as to require that the appellant, Watson, and the surety on his appeal bond, executed to supersede action on the interlocutory decree, should be liable to Mrs. Perkins for the year 1904, and to expressly provide that Watson and the surety on his appeal bond be made liable for the rent for the year 1905, and that in the accounting the parties should not be entitled to any credit for taxes, repairs, or improvements on the land in controversy. On this motion this court decreed that: "As to the matters set up in the third and fourth grounds of

said motion—that is, the alleged liability of the appellant, H. N. Watson, and the surety on the appeal bond executed herein August 5, 1904, and the alleged liability of said Watson and surety on the appeal bond executed herein May 3, 1905, for the rent of said property for the year 1905, the said motion is remanded and referred to the court below for proper disposition."

It will be noted that the question of liability on the appeal bond from the interlocutory decree, which had been dismissed because premature in 1904, was referred to the court below. The necessity for this reference arose from the fact that these matters, as to the joint appeal bond, etc., had not been and could not have been set up in the pleading up to that time. This ended the procedure on the second appeal, which will be found reported in 88 Miss., 64, 40 South., 643; the opinion of the court having been delivered by HON. W. R. HARPER, Special Judge. In that case the trustee's sale was held void for reasons given, and it was further held, as indicated, that the creditor getting possession of the land under the void sale, but who conveyed it to a third person, is chargeable only with rents and profits actually received by it; the purchaser from that creditor being chargeable with the profits received by him, subject to a credit for improvements. On the last return of the case to the court below Mrs. Perkins presented a supplemental bill setting up the facts as to the joint appeal by the original creditor and Watson, by which Watson was enabled to remain in possession, and because only of that appeal bond with *supersedeas,* and averring that Watson and the mortgage security company had received the sum of $525 rent for 1904, and averring that she had previously filed an amended and supplemental bill making Dickerson, a tenant of Watson on the place, a party defendant, and in it seeking to enforce a lien on the crops growing for that year (1904) on the place. Mrs. Perkins excepted to the report of the commissioner, because he did not

credit her with the rents of 1904 so received. The court below refused to permit an amended and supplemental bill or exception to be filed, and disallowed Mrs. Perkins' exceptions to the report, and decreed an affirmation of the commissioner's report, without any credit to Mrs. Perkins for $525 rent for 1904.

In the present consideration of this case we need not and do not consider anything as to the rent of 1905, because it is a matter of fact that Mrs. Perkins got the rent for that year; and so we are to consider whether there was error in failing to credit Mrs. Perkins with the rent for 1904. In the commissioner's report, Watson, insolvent all the way through these proceedings, was credited with taxes, improvements, and what he had paid to the original creditor on the secured debt, and he was charged with the rent; the rental charge for 1904 being for $500, while the record shows that the amount of credit should have been $525. The commissioner's report shows a balance due from Watson to Mrs. Perkins of $1,067.67 but fails to award, as it should have done, the payment of this sum to Mrs. Perkins, and the court below erroneously refused to render any decree whatever in favor of Mrs. Perkins against Watson.

As the case must be remanded, we think the amended and supplemental bill should be permitted to be filed, in order that there may be an intelligent and complete equitable adjustment between the parties. It is also our opinion that there was error in not making a decree for costs, which should have been entered of course against Watson as well as a decree against him for $1,067.67 found to be due by him. There was also manifest error in the final decree in awarding eight per centum per annum interest. It distinctly appears in the record of the first appeal, in a copy of the trust deed produced, that the interest was expressly put at seven per centum; and it seems, on this present third and last appeal, that the computation of interest on the annual rents was at seven per centum, while the require-

ment in the final decree is for eight per centum per annum interest from April 2, 1906. Interest should only have been required in accordance with the terms of the contract.

Under the decree at the first hearing of this case in the court below Mrs. Perkins was declared to be entitled to possession of the land. By the appeal in that case with the supersedeas, Watson, because of that appeal bond only, was enabled without right to hold the property and enjoy its rents for the year 1904. The amended and supplemental bill charges a joint receipt by Watson and the New England Mortgage & Security Company of these rents for 1904; and, if so, we think in the accounting both should be charged with that rent. Of course, the decision on the second appeal in this case, found in 88 Miss., 64, 40 South., 643, stands in full force; but, with the amended and supplemental bill on file, the further matter appears of the joint appeal, with a joint supersedeas bond, and that has not been adjudicated in this court. On the contrary, it was referred by this court to the court below for disposition, and was not disposed of by that court. It has been properly held in this case that Watson was wrongfully in possession, and that Mrs. Perkins was entitled to it, and the mortgage company, which had sold to Watson, having joined him in the appeal, by means of which only was the insolvent Watson able to hold the possession, we think that he and the mortgage company ought to be held to Mrs. Perkins for the rest of 1904.

We also think that the American Surety Company, the surety on the bond given on the premature appeal, should have been made a party, to be held for the rent of 1904, lost because of that bond with supersedeas. We think this, in full view of *Carothers* v. *Leigh,* 60 Miss., 258, which we approve. There the bond was without statutory warrant under any condition of things. It was purely voluntary—mere waste paper. Here it had statutory warrant. It was simply premature, though with the same effect to deprive Mrs. Perkins of her rent for 1904. Ann. Code 1892, § 946; Code 1906, § 1022. In *Ca-*

*rothers* v. *Leigh, supra,* there was a mere accommodation by the sheriff to Carothers, and, in the language of the court, "there was no issue between the plaintiff and defendant for trial," and another party, a claimant, was solely interested that the sheriff should have the money he had made on execution against a third party.

Reversed and remanded, for action in conformity with this opinion.[1]

*Reversed.*

(*a*) It was proper to allow defendant the sum paid by him as purchaser at a tax collector's sale, with twenty-five per centum dam-

---

[1] On the second appeal in this case Whitfield, C. J., was disqualified by reason of relationship to one of the sureties on the appeal bond. On the present appeal that surety was not on the bond, and the chief justice not disqualified.

[2] Two decisions were rendered in this case, one on the first appeal (43 South., 957) dealing almost exclusively with the question of adverse possession—first opinion; the other on the second appeal (46 South., 57) dealing with the subject matter of the accounting between the parties, second opinion. The two decisions are here reported together.